

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

Signed July 18, 2008                                                                 United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NYLEVETTE EUVOL | § | Case No. 08-30663-HDH-13 |
| MILLIGAN-MOORE | § | |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION

This opinion addresses the question of whether the stay imposed by the Court, pursuant to 11 U.S.C. § 362(c)(4)(B), is effective upon a court's oral ruling on the motion to impose the stay, or only upon entry of the order.

Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2005-3 Asset-Backed Certificates, Series 2005-3, Its Successors and Assigns ("Wells Fargo") filed a motion for relief from stay to commence eviction proceedings. Nylevette Euvol Milligan-Moore ("Debtor") filed an objection to the motion and claims that the foreclosure violated the automatic stay. The Court held a hearing on the motion and took the matter under advisement for further consideration. After consideration, the Court entered an order lifting the automatic stay, and now

**Memorandum Opinion- Page 1**

enters this Memorandum Opinion which constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This proceeding is core, pursuant to 28 U.S.C. § 157(b)(2)(G).

I.    **FACTUAL BACKGROUND**

Debtor filed her bankruptcy petition on February 5, 2008. This was her third bankruptcy filing within the past year. Her prior cases were: Case No. 07-31671–filed on 4/3/2007, and dismissed on 6/20/2007 for failing to provide tax returns to the Trustee and to amend her schedules, statements and Plan, and Case No. 07-33398–filed on 7/14/2007, and dismissed on 12/21/2007 for failure to confirm a Plan.

The Debtor filed a motion to impose the stay in the present case the day after her case was filed, and the Court set it for hearing on February 29, 2008, in time to avoid a foreclosure noticed out by Wells Fargo for March 4, 2008. Wells Fargo was on the service list, but counsel for Wells Fargo, who had represented Wells Fargo in the Debtor's two prior cases was not, and was given no notice of the filing of the bankruptcy case or the hearing on the motion to impose the stay. The Court held the hearing on that motion on February 29, 2008, and orally granted the motion from the bench. Unfortunately, an order from that hearing was not submitted to the Court until March 10, 2008. Wells Fargo foreclosed between the hearing date and the date the order was entered.

The Debtor now argues that the Wells Fargo should not be allowed to evict her from the property because it should have honored the Court's oral ruling and instructed counsel to stop the foreclosure proceedings.

**Memorandum Opinion- Page 2**

## II.    ANALYSIS

The Debtor argues that the foreclosure was invalid because the Court orally granted the stay imposition motion at the February 29th hearing, and therefore the lifting of the stay to evict must be denied. The Court disagrees.

For a serial filer such as Debtor, the Code clearly does not make effective a stay imposed under Section 362(c)(4)(B) until an actual order is entered on the Court's docket. Sections 362(c)(4)(A)(i), (c)(4)(B), and -(c)(4)(C) provide:

> (c)(4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case;
>
> ***
>
> (c)(4)(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
> (c)(4)(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect.

11 U.S.C. §§ 362(c)(4)(A)(i), (c)(4)(B), and -(c)(4)(C).

Where a statute's language is plain and unambiguous, the statute must be enforced according to its terms. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). As clearly stated in the statute, the stay is only effective on "the date of the entry of the order allowing the stay to go into effect." 11 U.S.C. § 362(c)(4)(C). This section differs from a similar provision of section 362 that allows the temporary 30-day stay imposed upon filing of a debtor's second case in a 1-year period to be extended "after notice and

**Memorandum Opinion- Page 3**

a *hearing completed* before the expiration of the 30-day period." 11 U.S.C. § 362(c)(3)(B) (emphasis added).

Further, even if the wording of the Code provision itself were not so explicitly against the Debtor's argument, the filing of the Debtor's motion to impose the stay initiated a contested matter under the code, to which Rule 58 of the Federal Rules of Civil Procedure applies. *See* Fed. R. Bankr. P. 9021. Rule 58 also provides that judgments are effective when entered. Fifth Circuit precedent also generally requires orders to be entered before they become final and effective. *See In re American Precision Vibrator Co.*, 863 F.2d 428, 429 (5th Cir.1989).

### III. CONCLUSION

The Court finds section 362(c)(4)(C) requires the entry of an order before the automatic stay is imposed. That did not occur in the present case until after the foreclosure. Accordingly, there was no stay in place on the date of the foreclosure, and the Motion will be granted by separate order.

###End of Memorandum Opinion###